Nathaniel S.W. Lawrence (Wash. Bar No. 30847) (*pro hac vice*)
NATURAL RESOURCES DEFENSE COUNCIL
3723 Holiday Drive, SE
Olympia, WA 98501
360.534.9900; nlawrence@nrdc.org

Garett R. Rose (D.C. Bar No. 1023909) (*pro hac vice*)
Jared E. Knicley (D.C. Bar No. 1027257) (*pro hac vice*)
NATURAL RESOURCES DEFENSE COUNCIL
1152 15th St. NW
Washington DC 20005
202.289.6868; grose@nrdc.org; jknicley@nrdc.org

Erik Grafe (Alaska Bar No. 0804010)
EARTHJUSTICE
310 K Street, Suite 508
Anchorage, AK 99501
907.792.7102; egrafe@earthjustice.org

Eric P. Jorgensen (Alaska Bar No. 8904010)
Katharine Glover (Alaska Bar No. 0606033)
EARTHJUSTICE
325 Fourth Street
Juneau, AK 99801
907.586.2751; ejorgensen@earthjustice.org; kglover@earthjustice.org

*Attorneys for Plaintiffs National Audubon Society et al.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| NATIONAL AUDUBON SOCIETY *et al.*, )<br>)<br>*Plaintiffs*, )<br>)<br>v. )<br>)<br>DOUG BURGUM *et al.*, )<br>)<br>*Defendants*, )<br>)<br>and )<br>)<br>ALASKA OIL & GAS ASSOCIATION *et al.*, )<br>)<br>*Intervenor-Defendants*. )<br>) | Case No. 3:20-cv-00205-SLG |

**PLAINTIFFS' STATUS REPORT**

The parties are unable to agree on a joint status report. Doc. 116 at 2.

Plaintiffs are therefore providing a separate report requesting that the stay be

allowed to expire and opposing Defendants' request to extend the stay, *id.*

A stay is no longer warranted because, as of March 25, 2025, pursuant to

this Court's order in *Alaska Industrial Development and Export Authority v. U.S.*

*Department of the Interior*, No. 3:24-cv-00051-SLG, Doc. 95, there currently exist

seven leases on the Coastal Plain of the Arctic National Wildlife Refuge.

Defendants issued these leases in reliance on the decisions challenged in this

lawsuit. Were Plaintiffs to prevail in their claims, this Court could provide them

effective relief by vacating these leases. *See* Doc. 69 at 24 n.91 (noting that relief

at the merits stage of this litigation may include recission of leases).

While Plaintiffs filed this case in August 2020, Doc. 1, the case has never

moved beyond the preliminary stages of litigation. Plaintiffs' amended complaint,

Doc. 21, alleges that the oil and gas leasing program for the Coastal Plain of the

Arctic Refuge, adopted in a Record of Decision (ROD) on August 17, 2020, the

environmental impact statement (EIS) issued in September 2019, and the

biological opinion issued on March 13, 2020, are unlawful. It asks this Court to set

aside the program, EIS, and biological opinion and any actions taken in reliance on

these documents. *Id.* at 33-34.

On January 6, 2021, Defendants held a lease sale pursuant to the challenged program. Plaintiffs moved to enjoin the lease sale pending the outcome of this litigation. Doc. 43. This Court denied that motion, Doc. 69, and Defendants then issued leases to high bidders in the lease sale. Doc. 73 at 4. With the change of administration, Defendants undertook a comprehensive reexamination of the program, EIS, biological opinion, and leases. Doc. 75. The Defendants requested a stay of this litigation, *id.*, which the Court granted. Doc. 76. Over the course of the next few years, Defendants suspended activities on the leases and under the program, Doc. 81; cancelled the seven remaining leases held by the Alaska Industrial Development and Export Authority (AIDEA), Doc. 95; and completed a supplemental EIS, new biological opinion, and adopted a new ROD for an oil and gas leasing program, Docs. 106 & 108. This litigation remained stayed during all this time.

On March 25, 2025, this Court issued an order in *AIDEA v. Interior*, No. 3:24-cv-00051-SLG, Doc. 95 at 21, vacating Defendants' cancellation of AIDEA's leases. As Defendants describe, the result of this ruling is that "the leases originally issued under the 2020 ROD have been restored to their suspended status immediately preceding the vacated 2023 cancellation decision." Doc. 116 at 3.

The lease sale under which Defendants issued the seven existing leases on the Coastal Plain relied on the program approved in the 2020 ROD. *See*

*National Audubon Society et al. v. Burgum et al.*,                                                    3
Case No. 3:20-cv-00205-SLG

AR205962 ("The lease stipulations . . . adopted in this ROD provide terms and conditions applicable to each such aspect of the program, from lease sales through reclamation of resulting oil and gas developments."); AR205974 ("This Decision authorizes multiple lease sales, including, at a minimum, the two sales mandated by Section 20001(c) of PL 115-97, as well as potential additional sales."); AR205976 ("In addition to [Required Operating Procedures] and lease stipulations, this Decision requires baseline studies, oversight monitoring, and effectiveness monitoring for oil and gas related activities."); Doc. 72-1 at 1-2 ("The BLM offered 22 tracts, spanning approximately 1.1 million acres of the eligible 1.56 million acres designated by Congress for oil and gas development and included in the 2020 Record of Decision (ROD) for the Coastal Plain Oil and Gas Leasing Program. . . . The Record of Decision provides protections . . . through a comprehensive package of lease stipulations . . . that will apply to future oil and gas activities."); Doc. 81 at 2-3 (explaining that the leases were suspended due to deficiencies identified in the program, including those found in the EIS and 2020 ROD). Thus, while the Defendants vacated the 2020 ROD last year, the leases were issued pursuant to that deficient program. Additionally, that program's provisions continue to apply to the existing leases. There thus remains a live controversy as to the 2020 ROD because, were Plaintiffs to prevail in their lawsuit,

*National Audubon Society et al. v. Burgum et al.*,                                                  4
Case No. 3:20-cv-00205-SLG

the Court could grant them effective relief by vacating the leases sold pursuant to the program challenged in this lawsuit.

Defendants are unable to meet their burden to justify a continued stay. Their representation that the leases are currently suspended, Doc. 116 at 3, is no grounds to continue the stay. First, they acknowledge that the leases have been reinstated, *id.*; that alone is sufficient to justify reinitiating proceedings in this case. Second, they represent that, though the leases are currently suspended, Defendants are actively reviewing the suspension, *id*. Thus, activities that could harm Plaintiffs could commence on the leases as soon as Defendants lift the suspension, a process that requires no prior notice to the parties or this Court. And Defendants are highly likely to lift the suspension. *See* Executive Order No. 14153, *Unleashing Alaska's Extraordinary Resource Potential*, 90 Fed. Reg. 8,347, 8,348 (Jan. 29, 2025) (directing Secretary of the Interior to rescind cancellation and "issue all permits, right-of-way permits, and easements necessary for the exploration, development, and production of oil and gas from leases within the Arctic National Wildlife Refuge."). By contrast, when this case was initially stayed, Defendants had been directed by the president to pause the program to investigate legal deficiencies underlying the 2020 EIS and ROD. Docs. 71 & 71-1. Defendants suspended the leases on the basis of those deficiencies shortly thereafter and then proceeded to comprehensively review the program. Docs. 81 & 84. It would conserve judicial

resources and protect the Plaintiffs' interests to recommence the litigation now,

allowing the parties to resolve or litigate any issues regarding the administrative

record and file summary judgment briefs in this administrative appeal, L.Civ.R.

16.3, on a regular schedule.  Maintaining the stay, on the other hand, would

increase the chances that Plaintiffs would have to seek expedited proceedings or

interim relief once Defendants have lifted the suspension and made other decisions

about how to manage activities on the leases.

Defendants also describe that the 2020 program challenged in this lawsuit

has been superseded by a new program adopted in 2024 and no longer governs

activities in the Coastal Plain, and that the current administration is considering

adopting another, different program in the third quarter of this year.  Doc. 116 at 3.

The currently existing leases that have sprung back into existence as a result of the

*AIDEA v. Interior* order, however, were issued pursuant to and continue to rely on

the 2020 program challenged in this lawsuit, regardless of which program currently

governs broader management of oil and gas activities in the Coastal Plain.

For all the reasons above, Plaintiffs respectfully request that the stay not be

extended, oppose Defendants' request to extend the stay, and respectfully request

that the Court order the parties to submit a proposed case schedule within 14 days

that (1) addresses outstanding administrative record issues, and (2) sets a proposed

briefing schedule.

Respectfully submitted this 9th day of May, 2025.

s/ Erik Grafe

Erik Grafe (Alaska Bar No. 0804010)
Eric P. Jorgensen (Alaska Bar No. 8904010)
Katharine Glover (Alaska Bar No. 0606033)
EARTHJUSTICE

s/ Garett Rose

Nathaniel S.W. Lawrence (Wash. Bar No. 30847)
(*pro hac vice*)
Garett R. Rose (D.C. Bar No. 1023909)
(*pro hac vice*)
Jared E. Knicley (D.C. Bar No. 1027257)
(*pro hac vice*)
NATURAL RESOURCES DEFENSE COUNCIL

*Attorneys for Plaintiffs National Audubon Society, Natural Resources Defense Council, Center for Biological Diversity, and Friends of the Earth*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 9, 2025, a copy of the foregoing PLAINTIFFS' STATUS REPORT was served electronically on all counsel of record through the Court's CM/ECF system.

*s/ Erik Grafe*
Erik Grafe