Garett R. Rose (D.C. Bar No. 1023909) (*pro hac vice*)
Jared E. Knicley (D.C. Bar No. 1027257) (*pro hac vice*)
NATURAL RESOURCES DEFENSE COUNCIL
1152 15th St. NW
Washington DC 20005
202.289.6868; grose@nrdc.org; jknicley@nrdc.org

Erik Grafe (Alaska Bar No. 0804010)
EARTHJUSTICE
310 K Street, Suite 508
Anchorage, AK 99501
907.792.7102; egrafe@earthjustice.org

Eric P. Jorgensen (Alaska Bar No. 8904010)
Katharine Glover (Alaska Bar No. 0606033)
EARTHJUSTICE
325 Fourth Street
Juneau, AK 99801
907.586.2751; ejorgensen@earthjustice.org; kglover@earthjustice.org

*Attorneys for Plaintiffs National Audubon Society et al.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| NATIONAL AUDUBON SOCIETY *et al.*, )<br>)<br>*Plaintiffs*, )<br>)<br>v. )<br>)<br>DOUG BURGUM *et al.*, )<br>)<br>*Defendants*, )<br>)<br>and )<br>)<br>ALASKA OIL & GAS ASSOCIATION *et al.*, )<br>)<br>*Intervenor-Defendants*. )<br>) | Case No. 3:20-cv-00205-SLG |

**PLAINTIFFS' REPLY TO DEFENDANTS' STATUS REPORT RESPONSE**

To clarify four points, Plaintiffs respectfully submit this reply to Defendants' responsive status report, Doc. 120.

First, Defendants are incorrect in their assertion that Plaintiffs failed to address why the present scenario differs from 2021 when Plaintiffs did not object to a stay. *Id.* at 4. As Plaintiffs explained in their status report, Doc. 118 at 5-6, Defendants in 2021 suspended AIDEA's leases to align Artic Refuge management with a presidential policy "'to reduce greenhouse gas emissions; to bolster resilience to the impacts of climate change; [and] to restore and expand our national treasures and monuments.'" Doc. 79 at 3 (quoting Doc. 71-1 at 2). By contrast, Defendants are now subject to a presidential directive specifically "to take all necessary steps to" withdraw the Biden-era order that directed suspension of the leases. *See* Exec. Order No. 14153, *Unleashing Alaska's Extraordinary Resource Potential*, 90 Fed. Reg. 8,347, 8,348 (Jan. 29, 2025) (section 3(b)(1) directing withdrawal of Secretarial Order 3401 (Doc. 81-1), section 5(c) of which directed suspension of the leases). The President has directed Defendants to "Unleash[ ] Alaska's Extraordinary Resource Potential," "immediately reverse the punitive restrictions implemented by the previous administration," "maximize the development and production of the natural resources located on . . . Federal . . . lands," and "expedite the permitting and leasing of energy and natural resource projects in Alaska," *id.* at 8,347. The circumstances, and the threat to Plaintiffs'

*National Audubon Society et al. v. Burgum et al.*, 2
Case No. 3:20-cv-00205-SLG

interests, could hardly be more different than in 2021 and justify Plaintiffs' opposition to a continuing stay.

Second, Defendants' assertion that they may "void . . . the leases originally issued in 2021," Doc. 120 at 5, does not justify continuing the stay. That hypothetical action is exceedingly unlikely; it would be at odds with the President's directly contrary direction that the Secretary "rescind the cancellation of any leases within the Arctic National Wildlife Refuge" (except where such rescission would itself interfere with oil and gas development). 90 Fed. Reg. at 8,348 (section 3(b)(ii)). The government has offered no reason to anticipate any such action or offered any rationale for how such action would be consistent with presidential direction to which the agency is now subject. The mere hypothetical potential for such an unlikely action cannot justify a stay in the face of Plaintiffs' opposition and the potential that Plaintiffs would be forced to litigate their case on a very short timeframe or by seeking preliminary relief if the unlikely action is not taken and the suspension is lifted.

Third, Defendants are wrong that there is no final agency action relevant to the leases. As Plaintiffs described in their status report, Doc. 118 at 3-5, with respect to Defendants' issuance of AIDEA's leases, the 2020 program is a final agency action. It identified the areas that would be leased and the terms by which they would be managed. That the leases are currently suspended and the agency is

considering a new ROD does not change the finality of the program, and the leases issued unlawfully to AIDEA pursuant to it, that Plaintiffs challenge in this lawsuit. Were that so, this Court would have lost jurisdiction over this case in June 2021, when Defendants first suspended the leases, a position no party takes. Whether the leases that have been issued and now re-instated are lawful turns on the validity of the final agency action reflected in the 2020 program that provided the basis for the lease issuance, not the 2024 ROD and potential 2025 ROD.

Fourth, as a practical matter, resuming now would allow Plaintiffs to advance this case in the short term. Because the 2020 program is a final agency action critical to the leases, and Plaintiffs' claims are aimed at that action, Plaintiffs see no current need to amend or supplement the complaint with respect to those claims. A potential 2025 ROD changing the current program could generate new litigation, of course, but that should not delay the challenge to the 2020 program and its leases. Defendants have already produced an administrative record for the existing complaint (on November 23, 2020). Doc. 26. Plaintiffs and Defendants have also already diligently conferred for several months about disputes as to the record's adequacy, a conferral that ceased only when the case was stayed. Doc. 39 (setting deadline for filing any motions about record disputes at February 19, 2021); Doc. 46 (order adopting schedule); Doc. 76 (February 12, 2021 order granting stay).

*National Audubon Society et al. v. Burgum et al.*, 4
Case No. 3:20-cv-00205-SLG

For all these reasons, Plaintiffs respectfully request that the Court allow the stay to expire.

Respectfully submitted this 16th day of May, 2025.

*s/ Erik Grafe*
Erik Grafe (Alaska Bar No. 0804010)
Eric P. Jorgensen (Alaska Bar No. 8904010)
Katharine Glover (Alaska Bar No. 0606033)
EARTHJUSTICE

*s/ Garett Rose*
Garett R. Rose (D.C. Bar No. 1023909)
(*pro hac vice*)
Jared E. Knicley (D.C. Bar No. 1027257)
(*pro hac vice*)
NATURAL RESOURCES DEFENSE COUNCIL

*Attorneys for Plaintiffs National Audubon Society, Natural Resources Defense Council, Center for Biological Diversity, and Friends of the Earth*

## CERTIFICATE OF SERVICE

I hereby certify that on May 16, 2025, a copy of the foregoing PLAINTIFFS' REPLY TO DEFENDANTS' STATUS REPORT RESPONSE was served electronically on all counsel of record through the Court's CM/ECF system.

    *s/ Erik Grafe*
    Erik Grafe