Garett R. Rose (D.C. Bar No. 1023909) (*pro hac vice*)
Jared E. Knicley (D.C. Bar No. 1027257) (*pro hac vice*)
NATURAL RESOURCES DEFENSE COUNCIL
1152 15th St. NW
Washington DC 20005
202.289.6868; grose@nrdc.org; jknicley@nrdc.org

Erik Grafe (Alaska Bar No. 0804010)
EARTHJUSTICE
310 K Street, Suite 508
Anchorage, AK 99501
907.792.7102; egrafe@earthjustice.org

Eric P. Jorgensen (Alaska Bar No. 8904010)
Katharine Glover (Alaska Bar No. 0606033)
EARTHJUSTICE
325 Fourth Street
Juneau, AK 99801
907.586.2751; ejorgensen@earthjustice.org; kglover@earthjustice.org

*Attorneys for Plaintiffs National Audubon Society et al.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| NATIONAL AUDUBON SOCIETY *et al.*,<br><br>    *Plaintiffs*,<br><br>v.<br><br>DOUG BURGUM *et al.*,<br><br>    *Defendants*,<br><br>and<br><br>ALASKA OIL & GAS ASSOCIATION *et al.*,<br><br>    *Intervenor-Defendants*. | Case No. 3:20-cv-00205-SLG |

**PLAINTIFFS' STATUS REPORT**

The parties were unable to agree on a joint status report. Doc. 128 at 3. Plaintiffs therefore provide this separate report consenting to a limited stay in light of the lapse in appropriations but requesting the Court order the parties to file a proposed case management schedule by December 5, 2025, whether funds have been appropriated by then or not.

The Court should deny Defendants' request to continue the stay because the predicate conditions for the stay no longer exist and the requested stay would prejudice Plaintiffs with the risk of imminent harmful activities on the leases. In its May 22, 2025, order, the Court determined that it was appropriate to extend the stay in this litigation to allow the Defendants to complete "a 'new decision concerning the leases originally issued under the 2020 ROD.'" Doc. 123 at 13. On October 24, 2025, Defendants completed this action: They reaffirmed the seven leases issued to the Alaska Industrial Development and Export Authority and terminated the suspension of operations on those leases, concluding that "the record before the Department at the time that the leases were issued was legally sufficient to support the leases." Doc. 128-1 at 5. Plaintiffs' complaint challenges the lawfulness of the decisions Defendants relied upon when issuing the leases. *See* Doc. 118 at 3-5. Were Plaintiffs to prevail in their claims, this Court could provide them effective relief by vacating these leases. *See* Doc. 69 at 24 n.91 (noting that relief at the merits stage of this litigation may include recission of

leases). On October 24, 2025, Defendants also terminated the stay of operations on the leases. Doc. 128-1 at 5-6. As a result, activities harmful to Plaintiffs' interests may commence on the leases.

The current government funding lapse does not justify an indefinite continuation of the stay, either. Defendants chose to work through the funding lapse to issue a new Record of Decision, reaffirm the 2021 leases, and terminate the suspension of activities on those leases. Having done so, they cannot now seek another, this time indefinite, stay of this litigation on the grounds that the funding lapse prevents them from working. Doc. 128 at 2. Plaintiffs appreciate the complications caused by the funding lapse for Defendants, their counsel, and the Court, and, on that basis, they do not oppose a time-limited extension of the stay. But the indefinite suspension requested by the Defendants threatens real prejudice to Plaintiffs. Defendants, on the other hand, would suffer no prejudice if the stay is lifted. *See* Order Granting Plaintiff's Motion for Reconsideration, *Prutehi Guahan v. United States Department of the Air Force et al.*, No. 1:22-cv-00001 (D. Guam Oct. 29, 2025), Dkt. No. 57 at 3 (concluding that lifting a stay during the funding lapse would not prejudice government Defendants and describing policies that allow Defendants to work during the funding lapse when a Court orders a case to continue).

For these reasons, Plaintiffs oppose Defendants' proposal and request that this Court order the parties to propose a case management schedule by December 5, 2025.

Respectfully submitted this 31st day of October 2025.

*s/ Katharine Glover*
Katharine Glover (Alaska Bar No. 0606033)
Eric P. Jorgensen (Alaska Bar No. 8904010)
Erik Grafe (Alaska Bar No. 0804010)
EARTHJUSTICE

*s/ Garett Rose*
Garett R. Rose (D.C. Bar No. 1023909)
(*pro hac vice*)
Jared E. Knicley (D.C. Bar No. 1027257)
(*pro hac vice*)
NATURAL RESOURCES DEFENSE COUNCIL

*Attorneys for Plaintiffs National Audubon Society, Natural Resources Defense Council, Center for Biological Diversity, and Friends of the Earth*

## CERTIFICATE OF SERVICE

I hereby certify that on October 31, 2025, a copy of the foregoing PLAINTIFFS' STATUS REPORT was served electronically on all counsel of record through the Court's CM/ECF system.

    *s/ Katharine Glover*
    Katharine Glover