Jared E. Knicley (D.C. Bar No. 1027257) (*pro hac vice*)
NATURAL RESOURCES DEFENSE COUNCIL
1152 15th St. NW
Washington DC 20005
202.289.6868
jknicley@nrdc.org

Andrew J. Doyle (FL Bar No. 84948)
(*pro hac vice*)
NATURAL RESOURCES DEFENSE COUNCIL
111 Sutter St., 21st floor
San Francisco, CA 94104
415.875.8259
adoyle@nrdc.org

Erik Grafe (Alaska Bar No. 0804010)
Hannah Payne Foster (Alaska Bar No. 2105045)
EARTHJUSTICE
310 K Street Suite 508
Anchorage, AK 99501
907.792.7102
egrafe@earthjustice.org; hfoster@earthjustice.org

Eric P. Jorgensen (Alaska Bar No. 8904010)
EARTHJUSTICE
325 Fourth Street
Juneau, AK 99801
907.586.2751
ejorgensen@earthjustice.org

*Attorneys for Plaintiffs Natural Resources Defense Council et al.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| NATURAL RESOURCES DEFENSE COUNCIL *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>DOUG BURGUM *et al.*,<br><br>Defendants,<br><br>and<br><br>NORTH SLOPE BOROUGH *et al.*,<br><br>Intervenor-Defendants. | Case No. 3:20-cv-00205-SLG |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO
INTERVENOR-DEFENDANT AIDEA'S MOTION FOR SCHEDULING ORDER
AND OPPOSITION TO JOINT MOTION FOR SCHEDULING ORDER**

Plaintiffs submit this response in opposition to Intervenor-Defendant Alaska Industrial Development and Export Authority's (AIDEA) Motion for Scheduling Order and Opposition to Joint Motion for Scheduling Order, Doc. 164. In its motion, AIDEA seeks 1) a different summary judgment briefing schedule than is jointly proposed by Plaintiffs and Federal Defendants, Doc. 163; and 2) bifurcated, post-liability briefing on remedies affecting AIDEA's leases, if necessary. Plaintiffs oppose both of AIDEA's requests for reasons set out below.

As to AIDEA's request for an extended schedule, Doc. 164 at 2-6, it would inject unnecessary delay and inefficiency into this case. Plaintiffs seek a decision by November 20, 2026, if possible, before any surface disturbing activities that rely on the challenged programs in the Coastal Plain during the upcoming winter season ("unless Federal Defendants confirm before that date that such activities will not be approved for the winter of 2026-27"). Doc. 163 at 3. Plaintiffs' and Federal Defendants' jointly proposed schedule provides a reasonable amount of time for briefing in advance of that date. AIDEA suggests that preliminary injunction motion(s) filed in one or more of cases directed at winter activities would be preferable to a timely resolution of summary judgment proceedings. Doc. 164 at 6. But AIDEA's proposal would create more work for the parties and the Court by calling for two sets of motions (i.e., one for summary judgment and another for a preliminary injunction) with significant overlap in subject matter. Additionally, AIDEA's proposal disregards the reality that preliminary injunction

*Natural Resources Defense Council et al. v. Burgum et al.,* 1
Case No. 3:20-cv-00205-SLG

briefing and proceedings would likely take place over the holiday season leading up to the winter activity period, setting the stage for additional scheduling challenges. By providing an opportunity for a ruling on the merits of Plaintiffs' claims prior to the commencement of surface disturbing activities on a schedule that is agreeable to Plaintiffs and Federal Defendants, our proposal (not AIDEA's) seeks to avoid the burden of duplicative briefing, adjudication, and time pressures of preliminary injunction proceedings.

Regarding AIDEA's request for bifurcated remedy briefing, Doc. 164 at 6-9, this too would inject unnecessary delay into the case. AIDEA's aversion to briefing contingent outcomes, Doc. 164 at 7-8, is not a cogent reason to deviate from the norm. In Administrative Procedure Act-based cases such as this one—including complex cases with similar interests at play—this Court often adjudicates merits and remedy together. *See Sovereign Iñupiat for a Living Arctic v. Bureau of Land Mgmt.*, 555 F.Supp.3d 739, 804-05 (D. Alaska 2021) (denying defendants' request for additional remedies briefing and concluding that "the equities tip strongly towards the equitable remedy of vacatur."); *see also AIDEA v. U.S. Dep't of Interior*, No. 3:24-CV-00051-SLG, 2025 WL 903331, at *7 (D. Alaska Mar. 25, 2025) (appeal pending); *Cook Inletkeeper v. U.S. Dep't of Interior*, 740 F.Supp.3d 767, 795-96 (D. Alaska 2024). If necessary, as laid out in Plaintiffs' and Federal Defendants' jointly proposed schedule, Doc. 163 at 2, AIDEA may request to file an overlength summary judgment brief to address its suggested

numerous possible forms of relief.  *See* Doc. 163 at 7-10.  Remedy issues do not necessitate a wholly separate briefing period.

Finally, regarding AIDEA's claim that Plaintiffs and Federal Defendants have been "negotiating a case schedule . . . since December, 2025," Doc. 164 at 6, Plaintiffs are unaware of any such negotiations.  In December 2025, Plaintiffs and Federal Defendants jointly proposed, and this Court approved, a schedule covering case activity through April 30, 2026.  Doc. 134 (motion); Doc. 135 (order).  Intervenor-Defendants, including AIDEA, were consulted and did not oppose that schedule.  Doc. 134 at 3.  In accordance with the Court's Order, Doc. 135 at 2 ("if no motions regarding the sufficiency of the AR are filed [by April 30, 2026], the parties will confer and file a proposed [] briefing schedule on that date"), the parties recently resumed their scheduling negotiations and included AIDEA in those discussions.  *See* Doc. 163 at 2 (AIDEA "has indicated it will oppose this motion and propose a different schedule.").

In sum, Plaintiffs oppose AIDEA's requests for a delayed and bifurcated summary judgment briefing schedule in this case, Doc. 164, and request that the Court approve Plaintiffs' and Federal Defendants' jointly proposed schedule, Doc. 163.

*Natural Resources Defense Council et al. v. Burgum et al.*,  3
Case No. 3:20-cv-00205-SLG

Respectfully submitted this 5th day of May, 2026,

*s/ Hannah Payne Foster*

Hannah Payne Foster (Alaska Bar No. 2105045)
Erik Grafe (Alaska Bar No. 0804010)
Eric P. Jorgensen (Alaska Bar No. 8904010)
EARTHJUSTICE

*s/ Andrew J. Doyle*

Andrew J. Doyle (FL Bar No. 84948) (*pro hac vice*)
Jared E. Knicley (D.C. Bar No. 1027257) (*pro hac vice*)
NATURAL RESOURCES DEFENSE COUNCIL

*Attorneys for Plaintiffs Natural Resources Defense Council, Center for Biological Diversity, and Friends of the Earth*

**CERTIFICATE OF COMPLIANCE WITH WORD LIMITS**

I certify that this document contains 696 words, excluding items exempted by Local Civil Rule 7.4(a)(4), and complies with the word limits of Local Civil Rule 7.4(a)(2).

Dated: May 5, 2026.

> s/ Hannah Payne Foster
> Hannah Payne Foster (Alaska Bar No. 2105045)
> EARTHJUSTICE

**CERTIFICATE OF SERVICE**

I certify that on May 5, 2026, a copy of the foregoing PLAINTIFFS' RESPONSE IN OPPOSITION TO INTERVENOR-DEFENDANT AIDEA'S MOTION FOR SCHEDULING ORDER AND OPPOSITION TO JOINT MOTION FOR SCHEDULING ORDER was served electronically through the CM/ECF system on counsel of record.

*s/ Hannah Payne Foster*
Hannah Payne Foster (Alaska Bar No. 2105045)
EARTHJUSTICE

*Natural Resources Defense Council et al. v. Burgum et al.*,                     6
Case No. 3:20-cv-00205-SLG